UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KELVIN JAMES

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, KELVIN JAMES, is a resident of the state of Oklahoma.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD ("RCCL"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, RCCL, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. The defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas.*

5. At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Oasis of the Seas.*

8. On or about November 14, 2015, Plaintiff Kelvin James was a paying passenger on the M/V *Oasis of the Seas,* which was in navigable waters.

9. At all material times, RCCL allowed a hazardous condition to exist on its vessel which it knew or should have known was likely to cause injuries to passengers.

10. On or about November 14, 2015, Plaintiff Kelvin James was injured due to a hidden hazardous condition on the *Oasis of the Seas*. Plaintiff slipped and fell in the shower inside his cabin bathroom, injuring his head, neck and back.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT RCCL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 10 as though alleged originally herein.

11. It was the duty of Defendant RCCL to provide Plaintiff with reasonable care under the circumstances.

12. On or about November 14, 2015, Defendant RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

13. Plaintiff was injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

    a. Failure to have proper shower in bathroom; and/or

    b. Failure to utilize adequate flooring in bathroom/shower; and/or

    c. Failure to adequately design shower in cabin bathroom so that it would not present a slipping hazard; and/or

    d. Failure to provide adequate markings and/or warnings of slipping hazards in bathroom/shower; and/or

    e. Failure to warn of dangers of showering in cabin bathroom; and/or

    f. Failure to determine hazards in cabin bathroom and/or shower; and/or

    g. Failure to warn of dangers presented by the slippery flooring surface in the shower and/or bathroom; and/or

    h. Failure to provide non-slip mats in cabin bathroom and/or shower; and/or

    i. Failure to provide non-slip flooring surface in cabin bathroom and/or

       shower; and/or

   j. Failure to provide adequate hand-holds and/or grips in the cabin bathroom and/or shower; and/or

   k. Failure to promulgate and/or enforce adequate policies and/or procedures so as to maintain reasonably safe conditions in the cabin bathroom and/or shower including but not limited to maintaining adequate flooring surfaces and adequately marking and/or warning of hazards; and/or

   l. Failure to take corrective measures despite prior similar incidents.

14. At all material times, Defendant RCCL had exclusive custody and control of the vessel, *Oasis of the Seas*.

15. As a result, all of the above caused and/or contributed to Plaintiff being injured when he suffered a slip and fall accident.

16. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

17. As a result of the negligence of Defendant RCCL, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries. Plaintiff also lost the benefit of his entire vacation, cruise and transportation costs.

Further, the injuries resulting from the fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

*Respectfully Submitted,*

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204

By: */s/Michael Winkleman*
    **MICHAEL WINKLEMAN**
    Florida Bar No. 36719
    **IVAN IZQUIERDO**
    Florida Bar No. 122405